UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC EDGECOMB WANNAMAKER, Plaintiff/Appellant, v. RAYMOND E. MABUS, Jr. and UNITED STATES NAVY, Defendants/Appellees. | Case No. 3:16-cv-00549-CWD **ORDER** |

Pending before the Court is Plaintiff Eric Wannamaker's motion for transcript payment determination, brought pursuant to Ninth Circuit Rule 10-3.1(f). Wannamaker seeks a determination that Appellees (hereinafter referred to as Mabus) should be responsible for ordering and paying for the transcript on appeal, because Wannamaker deems the transcript unnecessary. Mabus contends that Wannamaker has not established that the hearing transcript is unnecessary to his appeal, and the Court should therefore order Wannamaker to pay the costs for the transcript. Wannamaker disagrees, contending that the hearing did not include witness testimony, and the issues on appeal are legal in nature, rendering only the administrative record and the Court's memorandum decision and order necessary for adjudication of the appeal.

ORDER - 1

## BACKGROUND

Wannamaker sought review by the Court of the Secretary of the Navy's denial of Wannamaker's request to convene a special selection board to reconsider him for promotion to the rank of Lieutenant Commander in the United States Navy Judge Advocate General Corps. The Court's review of the Secretary's determination was limited by 10 U.S.C. § 628(g) to review of the agency action. The Secretary submitted the administrative record for the Court's review, and the parties filed cross-motions for summary judgment. Wannamaker requested also to supplement the record.

The Court conducted a hearing on February 6, 2018, at which both parties appeared and presented oral argument on their motions.[1] The Court took an active role in the process, with questions asked of both Wannamaker, who appeared pro se, and counsel for Mabus.

On February 15, 2018, the Court issued its memorandum decision and order: (1) denying Wannamaker 's motion to supplement the record; (2) denying Wannamaker 's motion for summary judgment; and (3) granting Mabus's motion for summary judgment. (Dkt. 38.) The Court also entered judgment for Mabus. (Dkt. 39.)

On April 5, 2018, Wannamaker filed a Notice of Appeal and Certification that No Transcript Will Be Ordered. (Dkt. 40.) On April 10, 2018, Appellees' counsel requested that, pursuant to Circuit Rule 10-3.1(a), Wannamaker provide Mabus with a statement of the issues that Wannamaker intends to raise on appeal. (Schaefer Decl. at ¶ 3 & Ex. A.)

---

[1] The hearing convened at 1:33 p.m. and concluded at 3:23 p.m.

Wannamaker indicated that the mediation questionnaire he filed with the Ninth Circuit adequately provided such a statement. (*Id.* at ¶¶ 3-4.)

On April 11, 2018, pursuant to Circuit Rule 10-3.1(b), Mabus: (1) notified Wannamaker that Defendants deem the Hearing Transcript necessary to Wannamaker's appeal; and (2) requested that Wannamaker order the Hearing Transcript. (*Id.* at Ex. C.)

On April 16, 2018, Wannamaker filed a Circuit Rule 10-3.1(f) Certification that Transcripts Are Unnecessary to his appeal. (Dkt. 43.)

On May 1, 2018, Wannamaker filed a Motion for Transcript Payment Determination under Circuit Rule 10-3.1(f), requesting that the cost of the Hearing Transcript be the sole responsibility of Appellees. (Dkt. 44.)

Because this matter was decided based upon the administrative record and the parties' cross motions for summary judgment, the only transcript for consideration on appeal is the hearing transcript of oral argument on the motions.

## DISPOSITION

**1.  Circuit Rule 10-3.1**

Ninth Circuit Rule 10-3.1 provides that, absent agreement by the parties or appellant's intent to order the entire transcript, the appellant must serve the appellee with a notice specifying which portions of the transcript appellant intends to order, together with a statement of the issues appellant intends to present on appeal. In the alternative, "appellant shall serve on appellee a statement indicating that appellant does not intend to order any transcripts." Circuit Rule. 10-3.1(a). Appellee may then respond to the appellant's initial notice by serving on appellant a list of any additional portions of

the transcript that appellee deems necessary to the appeal. Circuit Rule 10-3.1(b). If the appellee notifies the appellant that additional portions of the transcript are required pursuant to Circuit Rule 10-3.1(b):

> appellant shall make arrangements with the court reporter to pay for these additional portions unless appellant certifies that they are unnecessary to the appeal and explains why not. If such a certificate is filed in the district court, with copies to the court reporter and this Court, the district court shall determine which party shall pay for which portions of the transcript. Appellant may ask the Court of Appeals for an extension of time to make arrangements with the court reporter to pay for the transcripts pending the district court's resolution of the issue.

Circuit Rule 10-3.1(f)

2.  Analysis

It is Wannamaker's burden, as the appellant, to demonstrate that the transcript of the motion hearing designated by Mabus is unnecessary. *Hudock v. Aventis Pharm., Inc.*, No. CV 02 583 PHX DGC, 2006 WL 1127373, at *1 (D. Ariz. Apr. 26, 2006). One reason the transcript may be unnecessary is if "the error complained of on appeal" is "fully apparent on the face of the record on appeal." *United States v. Mills*, 597 F.2d 693, 698 (9th Cir. 1979).

Wannamaker claims this is such a case. The issues Wannamaker identified on appeal are that the Court improperly applied an "unusual deference" standard of review, and that the Court committed a "clearly erroneous dismissal of claims regarding the Fiscal Year 2015 regular board." (Dkt. 44 at 2.) Wannamaker asserts that determination of the appropriate standard of review is a matter of law, and that the second issue relies

ORDER - 4

upon the facts contained in the administrative record, not facts elicited during the hearing. Mabus, on the other hand, argues the hearing transcript is necessary to consideration of the issues on appeal, because during the hearing, Wannamaker made concessions, representations, or both, regarding: (1) the Navy regulations applicable to his SSB request; (2) the scope of his SSB request; and (3) the inconclusive nature of the extra record materials he sought to submit.

Here, the Court finds Wannamaker's appeal is not the type of case in which an appellant need not file a hearing transcript. The errors on appeal of which Wannamaker complains are not entirely discernable from the Court's memorandum decision and order. For example, in its memorandum decision, the Court made multiple references to the arguments and statements made during the hearing, and the Court relied upon those statements when resolving the motions.[2] The appellate court should not be deprived of the complete record—which necessarily includes the oral arguments made by the parties during the hearing.

The Court finds no support for Wannamaker's argument that the transcript is irrelevant because it merely consists of legal arguments resolved by the Court. *See BNSF Ry. Co. v. Flies Away,* No. 05-0386 PHXDGC, 2007 WL 926912, at *1 (D. Ariz. Mar. 26, 2007) (finding no authority for appellants' position that transcripts relevant to an appeal must contain witness testimony). As in *BNSF*, the Court finds the legal arguments

---

[2] *See* Mem. Dec. and Ord. at 7 (referencing Wannamaker's argument for the appropriate standard of review); at 12 (referencing Wannamaker's argument concerning when it would be appropriate to consider extra record evidence); at 15 (noting the contradiction between Wannamaker's oral argument and his brief regarding the FY15 selection board decision).

made by counsel and resolved by the Court at the hearing relevant on appeal. "A party may decide to use the transcript to underscore or further explain its positions throughout this litigation. The transcript is relevant also to set forth specific arguments made by counsel on which the Court relied in making its decisions." *Id.* Here, the Court was not a passive listener during oral argument, and posed numerous questions to the parties based upon the arguments raised in the written memoranda or at the time of the hearing.

The Court therefore finds the transcript of the February 6, 2018 motion hearing relevant to the appeal, and orders Wannamaker to pay for it.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Plaintiff/Appellant's Motion for Transcript Payment Determination (Dkt. 44) is **DENIED**. Wannamaker must submit the transcript designation form within 7 days of the Court's order, and make arrangements to pay for the same. (Dkt. 45.) The Clerk is directed to mail a copy of this Order to Wannamaker at his address of record.

DATED: June 6, 2018

Honorable Candy W. Dale
United States Magistrate Judge